Filed 3/21/25  Yazdi v. San Diego County Credit Union CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHIVA YAZDI,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br>SAN DIEGO COUNTY CREDIT UNION,<br><br>  Defendant and Appellant. | D083835<br><br><br><br>(Super. Ct. No. 37-2021-00053145-CU-WT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Affirmed.

Jackson Lewis, Phong L. Tran, Erica T. Khaine and Dylan B. Carp for Defendant and Appellant.

Sani Law, Sam Sani and Tilak Gupta for Plaintiff and Respondent.

In 2021, Shiva Yazdi filed suit against San Diego County Credit Union (SDCCU) for disputes arising from her employment by SDCCU.  Although the court had granted a motion to compel arbitration based on an agreement between the parties, Yazdi later moved to vacate the court's arbitration order on the grounds that SDCCU's failure to timely pay the arbitration fee was a material breach of the arbitration agreement.  Applying Code of Civil

Procedure section 1281.98[1] and *Doe v. Superior Court* (2023) 95 Cal.App.5th 346, 350 (*Doe*), the court concluded that SDCCU had waived the right to arbitrate by failing to make timely payment of the arbitration fees.

SDCCU argues on appeal that the court erred because the Federal Arbitration Act (FAA) applies, rather than the statutes relied upon by the trial court, and because the FAA preempts the state statutes. It also contends that its payment was timely made. We conclude that SDCCU's arguments regarding the FAA are forfeited, because they were not raised below; and that the court did not err in concluding that SDCCU's untimely payment breached the parties' agreement to arbitrate. Accordingly, we affirm the court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Complaint and Proceedings in Arbitration*

Yazdi sued SDCCU for various claims arising from her prior employment with SDCCU, including claims of discrimination, harassment and retaliation. SDCCU moved to compel arbitration, relying upon agreements between the parties, and the court granted the motion and stayed the matter pending arbitration.

The facts underlying SDCCU's payment of the arbitration fees are undisputed in relevant part. On May 16, 2023, JAMS (the arbitrator) sent a "Notice of Hearing with Invoice" to "all parties," setting forth the arbitration hearing dates and directing the payment of fees, which were "due upon receipt." The invoice was directed to SDCCU's counsel, Paul Sorrentino, for fees in the amount of $73,600. The invoice offered options to pay by standard mail, overnight mail, or online. On June 15, 2023, SDCCU sent a check for

---

[1]     All further statutory references are to the Code of Civil Procedure.

the sum due to JAMS by UPS overnight mail. The check was delivered to JAMS the following day, on June 16, 2023. Thus, although the payment was mailed on the thirtieth day after SDCCU received the JAMS invoice, it was not received by JAMS until after the thirtieth day.

**B.      *Motion to Vacate Arbitration Order***

Yazdi moved to vacate the order, based on SDCCU's failure to timely pay the arbitrator's fee. Yazdi argued that sections 1281.97[2] and 1281.98[3] provide that when an employer fails to make timely payment of arbitration fees in an employment action, its failure to do so constitutes a material breach of the arbitration agreement and allows the employee to elect to litigate the dispute in court. SDCCU opposed the motion, arguing that the statutes required only that the payment be timely tendered, taking issue with the analysis in *Doe*.

The trial court granted Yazdi's motion on December 1, 2023. The court found that SDCCU received the invoice from JAMS, the arbitrator, on May 16, 2023, and sent a check to JAMS via overnight mail on June 15. JAMS received the check on June 16, 2023, beyond the thirtieth day as required under section 1281.98. The court concluded that under *Doe*, a timely

---

[2]      Section 1281.97 subdivision (a) provides in relevant part that "if the fees or costs to *initiate* an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration." (Italics added.)

[3]      Section 1281.98 subdivision (a) provides in relevant part that "if the fees or costs required to *continue* the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach." (Italics added.)

3

payment must be received by the arbitrator within thirty days after the due date, and, "as defendant did not timely pay the fees and is in default of the arbitration, it waived its right to compel arbitration."

SDCCU timely appeals.

## DISCUSSION

SDCCU does not dispute the trial court's finding that JAMS received its payment on June 16, 2023, beyond the thirty days contemplated in section 1281.98. Instead, for the first time on appeal, it asserts that section 1281.98 does not apply, because it contends that in their agreement, the parties adopted the procedural and substantive provisions of the FAA, and, alternatively, the statute does not apply because the FAA preempts section 1281.98.[4] However, neither of these arguments were raised in the trial court. We conclude SDCCU has forfeited these newly raised theories.

" 'An argument or theory will . . . not be considered if it is raised for the first time on appeal.' " (*DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676.) Therefore, " ' "possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal." [Citation.] "A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant." ' " (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 502–503, italics omitted.)

---

[4]    We note that the issue of whether sections 1281.97 and 1281.98 are preempted by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) is pending before our Supreme Court in *Hohenshelt v. Superior Court* (2024) 99 Cal.App.5th 1319, review granted June 12, 2024, S284498.

4

In its reply brief, SDCCU contends that the court should exercise its discretion to consider the issues it raises for the first time on appeal, because they are issues of law "and all favorable court of appeal precedent postdates the trial court's order." We decline to do so here.

First, as Yazdi notes, during the time when the trial court was considering her motion to vacate the arbitration award, courts had been presented with and had decided issues regarding the applicability of FAA procedural rules and FAA preemption. (See, e.g., *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761 (*Espinoza*) [rejecting employer's argument that the FAA preempts section 1281.97]; *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 641 [same].)[5] SDCCU chose not to raise the FAA issues below.

Moreover, here, SDCCU instead argued below that the California statutory arbitration provisions did, in fact, apply, when it contended that the trial court should interpret section 1281.97 and 1281.98 based on the date the payment was mailed, rather than the date of its receipt by the arbitrator. In exercising our discretion to conclude that SDCCU has forfeited the FAA issues, we note that SDCCU now takes a completely opposite tack before us in contending that the statutes it urged in the trial court are inapplicable.

Beyond the issues it has forfeited, SDCCU further contends that its payment was timely, because it was *mailed* to JAMS on the thirtieth day. This argument lacks merit.

---

[5] Our court followed these precedents in *Suarez v. Superior Court* (2024) 99 Cal.App.5th 32, 42 (*Suarez*). The *Suarez* court acknowledged "the Legislature's intent that the time limits in section 1281.97 [should] be strictly enforced" (*Suarez,* at p. 39) in concluding that the time limit was not extended by other statutory provisions and that the employee's payment of fees was not a relevant consideration in assessing breach by the employer.

5

"[S]ections 1281.97 and 1281.98 provide that a company or business pursuing arbitration of a [consumer or employment] dispute under a predispute arbitration agreement is in material breach and default of that agreement—thereby waiving its right to arbitrate—if it fails to timely pay its share of arbitration fees." (*Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, 1061–1062, fn. omitted.)  If the drafting party does not pay its share of the fees within the 30-day grace period, the drafting party is in material breach of the arbitration agreement and the employee may then elect between several options, including withdrawing the claim from arbitration and proceeding in court.  (§§ 1281.97, subd. (b)(1), 1281.98, subd. (b)(1).)

"Under the plain language of the statute, . . . the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party.  The plain language therefore indicates the Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline." (*Espinoza, supra*, 83 Cal.App.5th at p. 776.)

As the court noted in *Doe*, "One of the Legislature's main objectives was to deter employers from strategically withholding payment of arbitration fees so that they could no longer stymie the ability of employees to assert their legal rights.  To do this, the Legislature established strict breach provisions for nonpayment that did not involve any inquiry into the intent or good faith of an employer or the reasons for nonpayment.  *Any* untimely payment constitute[s] a material breach regardless of the circumstances or status of the arbitration proceedings." (*Doe, supra*, 95 Cal.App.5th at p. 357.)  The statute "establishes a simple bright-line rule that a drafting party's failure to

6

pay outstanding arbitration fees within 30 days after the due date results in its material breach of the arbitration agreement." (*De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740, 753.) This bright-line rule applies even if the payment is only a few days late. (*Doe*, at pp. 350, 354–355 [strictly enforcing the statute even though payment was only two days late].)

SDCCU urges us not to follow *Doe*, asserting that *Doe*'s holding that an arbitration fee is paid when it is received by the arbitrator "subverts California's longstanding public policy favoring arbitration." We disagree.

Undue delay and gamesmanship are contrary to the fair and efficient process that is contemplated in arbitration. As noted in *Suarez*, where the employer fails to pay the fees required to arbitrate, " 'procedural limbo and delay' " result, prejudicing workers and consumers. (*Suarez, supra*, 99 Cal.App.5th at p. at 38, quoting Assem. Com. on Judiciary, Analysis of Sen. Bill No. 707 (2019–2020 Reg. Sess.) as amended May 20, 2019, p. 11.) The public policy favoring arbitration is based on the view that it is "a speedy and relatively inexpensive means of dispute resolution." (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322.) Laws that eliminate delay and uncertainty advance the underlying goals of arbitration and therefore support the policy of arbitration as an alternative to litigation.

In this case, it is undisputed that SDCCU did not make the payment within the 30-day period. As a result, SDCCU was in material breach of the arbitration agreement, and Yazdi had the statutory right to elect to withdraw from the arbitration and pursue her claims in court, as the statutes expressly permit. (§§ 1281.97, subd. (b)(1), 1281.98, subd. (b)(1).) Accordingly, we decline SDCCU's invitation to reject the analysis of *Doe* and its progeny.

## DISPOSITION

The order is affirmed.  Yazdi is entitled to recover her costs on appeal.


KELETY, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.